IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY YOSHIMURA,<br><br>       Plaintiff,<br><br>      vs.<br><br>GLEN I. TAKAHASHI, CITY CLERK OF THE CITY AND COUNTY OF HONOLULU; MOANA YOST; CITY AND COUNTY OF HONOLULU; JOHN DOES 1–10; JANE DOES 1–10; DOE GOVERNMENTAL ENTITIES 1–10,<br><br>      Defendants. | CIVIL NO. 19-00686 JAO-RT<br><br>ORDER (1) GRANTING DEFENDANTS GLEN I. TAKAHASHI, CITY CLERK OF THE CITY AND COUNTY OF HONOLULU AND THE CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF; AND (2) DEEMING MOOT DEFENDANT MOANA YOST'S MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

**ORDER (1) GRANTING DEFENDANTS GLEN I. TAKAHASHI, CITY CLERK OF THE CITY AND COUNTY OF HONOLULU AND THE CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF; AND (2) DEEMING MOOT DEFENDANT MOANA YOST'S MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

In this action, Plaintiff Tracy Yoshimura ("Plaintiff") seeks an order

requiring Defendants City and County of Honolulu ("the City"), Glen I. Takahashi

("Takahashi") (collectively, "Defendants"), and Defendant Moana Yost ("Yost")

to accept electronic signatures, pursuant to the Electronic Signatures in Global and

National Commerce Act ("E-SIGN Act"), 15 U.S.C. § 7001 *et seq.*, in support of his petition to impeach Prosecutor Keith Kaneshiro ("Kaneshiro").  Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Yost moves to dismiss as she is an improper party and because she did not violate the E-SIGN Act.

For the reasons articulated below, the Court GRANTS Defendants' Motion to Dismiss Complaint for Declaratory Judgment and Injunctive Relief, ECF No. 11, and DEEMS MOOT Yost's Motion to Dismiss the Complaint for Declaratory Judgment and Injunctive Relief.  ECF No. 10.

BACKGROUND

A.    State Court Proceedings

1.    Circuit Court—First Petition

On December 20, 2018, Plaintiff filed a Petition for Impeachment of Prosecuting Attorney Keith M. Kaneshiro Pursuant to Sec. 12-203 of the Honolulu City Charter in the Circuit Court of the First Circuit, State of Hawaiʻi ("First Circuit Court").  ECF No. 11-4.[1]  Plaintiff obtained the over 800 electronic signatures attached to the Petition through Change.org.  Compl., ECF No. 1 ¶ 8.

_____

[1]  The Court takes judicial notice of the state court proceedings related to this action.  Under Federal Rule of Evidence 201, a court may take judicial notice on its own of facts "not subject to reasonable dispute" that are either "(1) generally

(continued . . .)

On April 12, 2019, Plaintiff filed a First Amended Petition for Impeachment of Prosecuting Attorney Keith M. Kaneshiro Pursuant to Sec. 12-203 of the Honolulu City Charter ("First Amended Petition" or "Petition").  ECF No. 11-5.  Plaintiff subsequently filed an Ex Parte Motion for Status Conference on the First Amended Petition.  ECF No. 11-6.

In a memorandum filed on April 23, 2019, Plaintiff argued that the E-SIGN Act and Hawaiʻi Revised Statutes ("HRS") § 489E-7 of Hawaii's Uniform Electronic Transactions Act required the City to accept the electronic signatures supporting his Petition.  ECF No. 11-8 at 3–4.  Plaintiff surmised that Hawaii's Uniform Electronic Transactions Act was likely passed in response to the enactment of the E-SIGN Act.  *Id.* at 3 n.1.

At an April 24, 2019 status conference, the Honorable Jeffrey P. Crabtree, Judge of the First Circuit Court, State of Hawaiʻi, identified the two issues presented in Plaintiff's memorandum:  (1) "are electronic signatures allowable for

---

(. . . continued)

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)–(c)(1).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Bykov v. Rosen*, 703 F. App'x 484, 487 (9th Cir. 2017) (holding that the district court did not abuse its discretion by taking judicial notice of state court proceedings).

3

this impeachment petition," and (2) "is the voter's address required."  ECF No. 11-10 at 3:3–5.  Indeed, throughout the proceedings, the validity of electronic signatures remained a primary issue.  At a June 24, 2019 motion hearing, Plaintiff's counsel argued that Judge Crabtree needed to decide "whether or not electronic signatures are acceptable or not."  ECF No. 11-19 at 25:3–6.

Judge Crabtree issued a Findings of Fact, Conclusions of Law, and Order (1) Denying Petitioner's Motion for Leave to Amend Petition and to Name City Clerk as a Respondent in a Declaratory Judgment Complaint, Filed May 6, 2019; (2) Denying Respondent Keith M. Kaneshiro's Cross-Motion to Strike Petitioner's Motion for Leave to Amend Petition and to Name City Clerk as a Respondent in a Declaratory Judgment Complaint, Filed on May 17, 2019; and (3) Dismissing Case for Lack of Jurisdiction ("FOFCOL").  ECF No. 11-21.  In pertinent part, he ruled that:

> 8.     The court finds and concludes it is not unreasonable or discriminatory for the City to take the position that fraudulent or questionable signatures are a valid concern for online petitions to impeach duly elected public officials.  See Perotka v. Cronon, 117 Haw 323 (2008).
>
> 9.     Petitioner argues the City must accept digital signatures pursuant to HRS 489E-7, which among other things provides that if a law requires a signature, an electronic signature satisfies the law.  Per the same 4/23/19 letter from Corporation Counsel, the City's position is that it is not required to accept digital signatures for impeachment petitions, because HRS 489E-18(c) gives it the discretion to allow or not allow digital signatures.  The court concludes this discretionary "carve out" in 489E-18(c) expressly

4

applies to government entities, so in essence HRS 489E-18(c) can trump HRS 489E-7 when a government entity is involved.

10.     In view of HRS 489E-18(c), and given the City's concern with both a) hand-written versus electronic signatures, and b) ability to verify a signature is from a duly registered voter, the court respectfully rejects Petitioner's argument that the City must accept digital signatures without residential addresses for impeachment petitions pursuant to HRS 489E-7.

. . . .

13.     Here, the proposed Second Amended Petition has the same defects as the two earlier petitions as described above.  Since the court concludes the City has the discretion to reject the electronic signatures in this case, and since the proposed Second Amended Petition suffers from the same defects as the prior petitions, the court therefore concludes the proposed petition is futile, and the motion to amend is therefore denied.

14.     Since there is no valid petition for impeachment before the court that complies with Section 12-203 of the city charter, as determined by the City's discretionary and valid requirements regarding actual signatures from demonstrably duly registered voters, the court hereby dismisses this case for lack of jurisdiction.

ECF No. 11-21.

Plaintiff sought reconsideration of the FOFCOL, contending that:  (1) the court was "required to accept electronic signatures under HRS § 489E-7 and under the [E-SIGN Act] (15 U.S.C. § 7001, et[] seq.)," and (2) the City's "asserted exception to HRS § 489E-7 does NOT apply because the City did not adopt any rules to implement this exception and failed to follow the rule-making requirements of Chapter 91 of the Hawaii Revised Statutes."  ECF No. 11-22 at 2.

In the memorandum in support of the motion for reconsideration, Plaintiff argued that the E-SIGN Act preempts state law and that "the City is required to make a determination, both under the ESIGN Act and Chapter 489E, under what circumstances it will accept electronic records and signatures." *Id.* at 38–39. Plaintiff ultimately requested that Judge Crabtree "hold that the ESIGN Act and Chapter 489E require that electronic signatures . . . be accepted and the City cannot, without following the rule-making requirements of the [Hawaiʻi Administrative Procedures Act], reject electronic signatures for a petition or other legal transactions and documents." *Id.* at 43.  He also commented that when he first requested information from the City, Yost (who was and is a Deputy Corporation Counsel assigned to address the Petition) "should have conducted the necessary legal research regarding the validity of electronic signatures, including looking at BOTH the ESIGN Act and Chapter 489E." *Id.*

Kaneshiro responded that the E-SIGN Act does not apply to state agencies or municipalities and that it had no applicability to the case because it only covers "transaction[s] in or affecting interstate or foreign commerce." ECF No. 11-23 at 6–7 (quoting 15 U.S.C. § 7001).

Judge Crabtree denied the motion for reconsideration:

> Petitioner's Motion is hereby DENIED in its entirety. The Court still does not have jurisdiction for the reasons previously stated. Further, everything argued in the Motion was or could have been raised earlier. The Court has nevertheless considered

the arguments raised in the Motion and is not persuaded on the merits, for the reasons argued in Respondent's Memorandum in Opposition.

ECF No. 11-26 at 2–3.  Final judgment entered on November 15, 2019.  ECF No. 11-27.

2.   Hawai'i Supreme Court

On November 15, 2019, Plaintiff filed a Petition for Writ of Mandamus with the Hawai'i Supreme Court.  ECF No. 11-28.  In his statement of reasons for issuing the writ, Plaintiff primarily argued that "HRS § 489E-7 Clearly Requires the Acceptance of Electronic Signatures, and HRS § 489E-18(a) and the ESIGN Act Require the City to Make a Determination of The Extent to Which it Will Send and Accept Electronic Records and Electronic Signatures."  *Id.* at 20.

The Hawai'i Supreme Court denied Plaintiff's Petition for Writ of Mandamus.  ECF No. 11-29.

3.   Hawai'i Intermediate Court of Appeals ("ICA")

Following the denial of his Petition for Writ of Mandamus, Plaintiff appealed the FOFCOL and the order denying his motion for reconsideration to the ICA.  ECF No. 11-30.

4.   Circuit Court—Second Petition

While pursuing relief with the appellate courts, Plaintiff filed another

petition in the First Circuit Court.  ECF No. 11-31.  Plaintiff reasserted the issue of whether electronic signatures can support the petition, and again contended that the E-SIGN Act preempts state law and posited that the City must determine the circumstances under which it will accept electronic records and signatures pursuant to the E-SIGN Act and HRS Chapter 489E.  *Id.* at 11–13.

B.    Current Proceedings

Plaintiff commenced this action on December 27, 2019, asserting a declaratory judgment claim (Count I) and an injunctive relief claim (Count II).  Compl. ¶¶ 19–27.  He alleges that Defendants' refusal to accept electronic signatures violates the E-SIGN Act[2] and requests:  (1) a declaratory judgment that Defendants' actions violate the E-SIGN Act; (2) an order compelling Defendants to comply with the E-SIGN Act and accept electronic signatures for his petition to impeach Kaneshiro; and (3) a declaratory judgment that the collection of electronic signatures may be used to impeach or recall Kaneshiro under Secs. 12-203 and 12-104 of the Honolulu City Charter.  *Id.* ¶¶ 20, 22–23.

Plaintiff also avers that he has no remedy to expeditiously redress the wrongs complained of in this action because his appeal of the initial state court action will likely be decided after the general election in November 2020, thereby

---

[2]  Plaintiff misrepresents that he never raised the E-SIGN Act in any previous proceedings.  Opp'n, ECF No. 17 at 1.  The record, as summarized above, contains numerous references to the Act.

mooting his appeal. *Id.* ¶ 26. He asserts that he is entitled to injunctive relief enjoining Defendants from rejecting electronic signatures to impeach or recall Kaneshiro under Secs. 12-203 and 12-104 of the Honolulu City Charter. *Id.* ¶ 27.

## LEGAL STANDARDS

### A.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. *See* Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* District courts may review evidence beyond the complaint in resolving a factual attack on jurisdiction without converting a motion to dismiss into a motion for summary judgment. *See id.* (citation omitted). In such instances, courts "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014) ("A factual challenge 'rel[ies] on affidavits or any other evidence properly before the court' to contest the truth of the complaint's allegations." (alteration in original) (citations

omitted)).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Safe Air*, 373 F.3d at 1039 (citation omitted).

B.    Rule 12(b)(6)

    FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).  Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice.  *See Sprewell*, 266 F.3d at 988.

10

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

DISCUSSION

A.   <u>Jurisdiction Is Lacking</u>

Defendants argue that the Court lacks jurisdiction because:  (1) the matter at issue is not a transaction in or affecting interstate or foreign commerce under the

11

E-SIGN Act; (2) the E-SIGN Act does not preempt Hawaii's Uniform Electronic Transactions Act; and (3) the *Rooker-Feldman* doctrine bars Plaintiff from effectively appealing a state court decision.

Plaintiff asserts federal question jurisdiction based on the E-SIGN Act and Declaratory Judgment Act ("DJA").[3]  Compl. ¶¶ 6, 19–23.  District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (alteration in original) (citation omitted).  The presence of federal question jurisdiction is determined by the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).  This rule applies to declaratory judgment actions such as this one.  *See Gutierrez*, 277 F.3d at 1089.

---

[3]  Plaintiff notes that he failed to cite the relevant provision—28 U.S.C. § 2201(a)—in the Complaint.  Opp'n, ECF No. 17 at 8 n.5.

1.   <u>E-SIGN Act</u>

Plaintiff alleges that Defendants' refusal to accept electronic signatures

violates the E-SIGN Act.  Compl. ¶ 20.  He claims to have suffered, and will

continue to suffer, severe and irreparable injury due to Defendants' disregard of the

E-SIGN Act's provisions.  *Id.* ¶ 21.  The E-SIGN Act provides:

> with respect to any transaction in or affecting interstate or foreign
> commerce--
>
> (1) a signature, contract, or other record relating to such
> transaction may not be denied legal effect, validity, or
> enforceability solely because it is in electronic form; and
>
> (2) a contract relating to such transaction may not be denied legal
> effect, validity, or enforceability solely because an electronic
> signature or electronic record was used in its formation.

15 U.S.C. § 7001(a).  Although Plaintiff relies on the E-SIGN Act, the Act does

not confer federal question jurisdiction.  *See Dabydeen v. Wells Fargo Bank, N.A.*,

No. 18-CV-3396 (KAM), 2018 WL 3212421, at *3 (E.D.N.Y. June 29, 2018).  The

mere fact that a dispute concerns electronic signatures, and correspondingly the E-

SIGN Act, is too attenuated to support federal question jurisdiction.[4]  *See Cutrone*

*v. Mortg. Elec. Registration Sys., Inc.*, 981 F. Supp. 2d 144, 149 (E.D.N.Y. 2013),

*vacated on other grounds*, 749 F.3d 137 (2d Cir. 2014) ("At best, the [E-SIGN

Act] provides a defense to New York's application of its tax law to deny favorable

---

[4]  Because the Court concludes it does not have jurisdiction over this case, it does
not render a ruling on whether the E-SIGN Act applies to the Petition here.

treatment to E-Sign mortgage and note assignments, and even more remotely, perhaps, a defense to plaintiffs' claims here." (footnote omitted)).

Plaintiff's reliance on federal law does not alone create federal question jurisdiction. For a case to "arise under" federal law, *federal law must create the cause of action*. *See Gutierrez*, 277 F.3d at 1088. But "[n]o provision of the [E-SIGN Act], nor any case interpreting it, recognizes such a private right of action based on the electronic form of a document." *Cutrone*, 981 F. Supp. 2d at 149; *see also Levy-Tatum v. Navient & Sallie Mae Bank*, CIVIL ACTION NO. 15-3794, 2016 WL 75231, at *5–6 (E.D. Pa. Jan. 7, 2016) (noting that the E-SIGN Act "contains <u>no</u> rights-creating language and manifests <u>no</u> intent to create either a private right or remedy" and holding that the Act "does not create a private right or remedy, either expressly or by implication"); *Stephens v. Bank of Am. Home Loans, Inc.*, No. 5:16-CV-660-BR, 2017 WL 4322816, at *4 (E.D.N.C. Sept. 28, 2017) (holding that the plaintiffs failed to state a claim under the E-SIGN Act because it "does not create a private right or remedy").[5] At the hearing, Plaintiff's counsel conceded that the E-SIGN Act does not provide a cause of action. Without a private remedy available under the E-SIGN Act, this case does not "arise under"

---

[5] Therefore, not only does the E-SIGN Act fail to confer federal question jurisdiction, even if the Court had subject matter jurisdiction over this action, Plaintiff would nevertheless fail to state a claim under the E-SIGN Act.

federal law.  Consequently, the E-SIGN Act does not offer a basis for federal question jurisdiction.

2.    DJA

Defendants argue that the DJA, like the E-SIGN Act, does not provide a basis for jurisdiction.  Plaintiff counters that he satisfies the two conditions required to establish jurisdiction in a DJA action:  he presents a case or controversy pursuant to Article III of the Constitution and declaratory relief is appropriate.  Opp'n, ECF No. 17 at 8.  He also contends that he may bring an action under the E-SIGN Act because he seeks a declaratory judgment mandating the City to accept electronic signatures on an impeachment petition.  *Id.* at 7.

The DJA provides:  "In a case of actual controversy *within its jurisdiction* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The DJA does not provide an independent basis for jurisdiction; "the district court's jurisdiction . . . must properly exist independent of the DJA."  *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).  At the hearing, Plaintiff's counsel conceded that the DJA does not provide an independent basis for jurisdiction but unpersuasively argued that the Court nonetheless has the discretion to address the case.

15

"[F]ederal courts have discretion under the DJA only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants." *Id.*  The first step here, then, is to "inquire whether there is an actual case or controversy within [the Court's] jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).  If no case or controversy exists, "a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)."[6] *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted).

Because the Court has already determined that the E-SIGN Act does not supply a basis for federal question jurisdiction, neither can the DJA, as jurisdiction must exist independent of the DJA.  *See Countrywide Home Loans*, 642 F.3d at 853.  Accordingly, the Court lacks subject matter jurisdiction over this action because neither the E-SIGN Act nor DJA confer federal question jurisdiction. Given the lack of jurisdiction, the Court need not address the parties' FRCP 12(b)(6) arguments.  Defendants' Motion is therefore GRANTED, and this action is DISMISSED.  Yost's Motion is DEEMED MOOT.

---

[6]  Plaintiff conflates the "case or controversy" requirement with Article III standing.  *See* Opp'n, ECF No. 17 at 9.

CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss Complaint for Declaratory Judgment and Injunctive Relief, ECF No. 11, and DEEMS MOOT Yost's Motion to Dismiss the Complaint for Declaratory Judgment and Injunctive Relief.  ECF No. 10.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, March 11, 2020.



Jill A. Otake
United States District Judge

ORDER (1) GRANTING DEFENDANTS GLEN I. TAKAHASHI, CITY CLERK OF THE CITY AND
COUNTY OF HONOLULU AND THE CITY AND COUNTY OF HONOLULU'S MOTION TO
DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF; AND (2)
DEEMING MOOT DEFENDANT MOANA YOST'S MOTION TO DISMISS THE COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF